UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.:

BLANCA PANIAGUA f/k/a BLANCA CASTILLO

    Plaintiff,

v.

MASH SERVICES, INC., a Florida Profit Corporation and
MICHAEL ASHLEY, individually

    Defendant(s)
_____/

# COMPLAINT

COMES NOW, the Plaintiff, BLANCA PANIAGUA, (hereinafter referred to as "Plaintiff"), on behalf of herself, by and through the undersigned counsel, files this Complaint against Defendants MASH SERVICES INC., a Florida Profit Corporation, (hereinafter referred to as "MASH") and MICHAEL AHLEY (hereinafter referred to as "ASHLEY") collectively ("DEFENDANTS") and states as follows[1]:

## JURISDICTION AND VENUE

1. This is an action by the Plaintiff for damages for unpaid wages and unpaid overtime wages under the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 ("FLSA").

2. Jurisdiction is conferred upon this Court pursuant to 29 U.S.C. § 216(b), 28 U.S.C. § 1331, and 28 U.S.C. § 1367.

---

[1] Additionally, Plaintiff has also filed a Charge of Discrimination with the Equal Employment Opportunity Commission alleging age discrimination and retaliation in violation of Plaintiff's rights under Title VII, ADEA and the FCRA. Plaintiff will amend the Complaint to include these additional claims as such time when all required administrative remedies have been appropriately exhausted.

1

3. Venue is proper for the United States Court for the Southern District of Florida because Plaintiff was employed in the Southern District of Florida by Defendants, which at all material times conducted, and continues to conduct, business in the Southern District of Florida, and because the acts that give rise to Plaintiff's claims occurred within the Southern District of Florida and because Defendants are subject to personal jurisdiction there.

## PARTIES

4. Plaintiff was at all times relevant to this action, a resident of Miami Dade County Florida, within the jurisdiction of this Honorable Court.

5. During all times relevant to this Complaint, Plaintiff was employed by Defendants as a domestic service worker. Plaintiff was therefore an employee as defined by 29 U.S.C. § 203(e).

6. Defendant MASH is a corporation organized and existing under and by virtue of the laws of Florida and registered to do business within Florida. Defendant has its principal place of business in Miami, Florida. Defendant has, at all times material hereto, conducted substantial and continuous business within the Southern District of Florida, and is subject to the laws of the United States and the State of Florida.

7. MASH is an "employer" as defined by 29 U.S.C. § 203(d) and (s)(1), in that it has employees engaged in commerce or in the production of goods for commerce or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

8. At all times material to this Complaint, Defendant MASH has had two (2) or more employees who have regularly sold, handled, or otherwise worked on goods and/or materials including but not limited to the following: detergents, household cleaners, vacuums, brooms/dust pans,

deodorizers, mops. Those goods and/or materials have been moved in or produced for commerce which as employees subject to the provisions of the FLSA, 29 U.S.C. § 207.

9. Defendant, MASH, upon knowledge and belief, has gross revenue which exceeds $500,000 for each of the past three (3) years and utilizes goods in the flow of commerce across state lines.

10. Defendant MICHAEL ASHLEY was at all times relevant to this action, within the jurisdiction of this Honorable Court.

11. Defendant MICHAEL ASHLEY is an "employer" as defined by 29 U.S.C. § 203(d).

12. Specifically, ASHLEY is the owner of the home where Plaintiff worked. ASHLEY, on his own or through his representative Gavin McRae, supervised Plaintiff, determined company payroll decisions, and maintained the right to hire and fire Plaintiff during all pertinent times hereto.

13. Declaratory, injunctive, legal and equitable relief sought pursuant to the laws set forth above together with attorneys' fees, costs and damages.

14. All conditions precedent for the filing of this action before this Court have been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

## PLAINTIFF'S FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

15. Plaintiff is a non-exempt employee of Defendants' and is subject to the payroll practices and procedures set forth hereinafter, and who worked in excess of forty (40) hours during one or more workweeks within three (3) years of the filing of this complaint.

16. Plaintiff was employed by the Defendants as a domestic service employee from on or about April 4, 2017 through on or about June 11, 2020.

17. Specifically, Plaintiff was a housekeeper of Defendants' private vacation home(s).

18. At the beginning of her employment, Plaintiff was advised that she would work five (5) days a week and be compensated at a salary of $3,750.00 per month.

19. However, when the family stayed over at the property (approximately twice a year for three (3) months Plaintiff's hours significantly increased.

20. Specifically, Plaintiff would regularly work ten (10) to twelve (12) hour days, seven (7) days a week. However, her pay did not change.

21. From April 4, 2017 through on or about September 2018, Defendants failed to comply with 29 U.S.C. §§ 201 – 219 in that Plaintiff performed services for Defendants for which no provision was made to properly pay for those hours worked over forty (40) in a given workweek.

22. Plaintiff was not paid at the proper overtime rate for hours worked in excess of forty (40) each week, as proscribed by the laws of the United States and the State of Florida.

23. On or about November 2018, employees started to complain to Defendants about the improper pay. Therefore, on or about January 2019, Defendants changed the method of paying their employees.

24. Specifically, Plaintiff was paid once a month at a rate of $25.35 per hour. However, during that period of time Defendants were not properly calculating the amount of hours Plaintiff was working on a workweek basis.

25. Defendants supervised and controlled Plaintiff's schedules, conditions of employment and the rate and method of payment.

26. Plaintiff was not paid at the proper overtime rate for hours worked in excess of forty (40) each week, as proscribed by the laws of the United States and the State of Florida.

27. Defendants knew that Plaintiff was working overtime, and that Federal law requires employees to be compensated at time and one-half per hour for overtime pay.

28. Defendants maintained complete control over the hours Plaintiff worked and the pay she was to receive.

29. Plaintiff has retained the undersigned firm to prosecute this action on her behalf and has agreed to pay it a reasonable fee for its services.

30. Plaintiff is entitled to her reasonable attorneys' fees and costs if she is the prevailing party in this action.

**COUNT I**
**VIOLATION OF FLSA/OVERTIME**
**against MASH**

31. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 30 of this complaint as if set out in full herein.

32. This action is brought by Plaintiff to recover from Defendant unpaid overtime and minimum wage compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq.*, and specifically under the provisions of 29 U.S.C. § 207.  29 U.S.C. § 207 (a)(1) states, " No employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

33. Since the commencement of Plaintiff's employment, MASH has willfully violated the provisions of § 7 of the Act [29 U.S.C. § 207] by employing employees engaged in commerce for workweeks longer than forty (40) hours without compensating them for all hours worked in excess of forty (40) hours at a rate not less than one and one half times her regular rate.

34. Specifically, Plaintiff worked between seventy (70) to eighty-four (84) hours during each work week in which she was employed but she was not compensated at time and a half for some of

the hours worked over forty (40) hours each workweek.

35. 29 U.S.C. § 207 (a)(1) states, "No employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

36. MASH is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s). MASH's business activities involve those to which the Fair Labor Standards Act applies.

37. The Plaintiff was a domestic service worker in a private home and was at all relevant times, covered by the FLSA.

38. Plaintiff was not exempted from the overtime provision of the Act pursuant to the provisions of the Act, 29 U.S.C. § 213(a), in that she was neither bona fide executive, administrative, or professional employee. Plaintiff performed manual labor tasks and did not have decision-making authority.

39. MASH has knowingly and willfully failed to pay Plaintiff at time and one half of her regular rate of pay for all hours worked in excess of forty (40) per week between the relevant time period.

40. By reason of the said intentional, willful and unlawful acts of MASH, Plaintiff has suffered damages plus incurring costs and reasonable attorneys' fees.

41. Plaintiff seeks to recover for unpaid wages accumulated from the date of hire.

42. MASH never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

43. As a result of MASH's willful violations of the Act, Plaintiff is entitled to liquidated damages.

44. Plaintiff has retained the undersigned counsel to represent her in this action, and pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to recover all reasonable attorneys' fees and costs incurred in this action from MASH.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

   A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

   B. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wage and overtime compensation for hours worked in excess of forty (40) weekly, with interest; and

   C. Award Plaintiff an equal amount in double damages/liquidated damages; and

   D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

   E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

<u>**COUNT II**</u>
**VIOLATION OF FLSA/OVERTIME**
**against ASHLEY**

45. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 30 of this complaint as if set out in full herein.

46. Defendant ASHLEY was an employer of Plaintiff within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)].

47. Specifically, ASHLEY on his own or through his representative Gavin McRae, supervised Plaintiff, determined company payroll decisions, and maintained the right to hire and fire Plaintiff during all pertinent times hereto.

48. Defendant ASHLEY willfully and intentionally refused to properly pay Plaintiff wages as required by the law of the United States as set forth above and remains owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendants as set forth above.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Award Plaintiff actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty (40) weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

Dated: October 20, 2020                    Respectfully submitted,

**PEREGONZA THE ATTORNEYS, PLLC**
1414 NW 107th Ave,
Suite 302
Doral, FL 33172
Tel. (786) 650-0202
Fax. (786) 650-0200

By: /s/Nathaly Saavedra
Nathaly Saavedra, Esq.
Fla. Bar No. 118315
Email: nathaly@peregonza.com
Secondary E-mail: maria@peregonza.com

By: /s/Juan J. Perez
Juan J. Perez, Esq.
Fla. Bar No. 115784
Email: juan@peregonza.com